**DUNKLE, Plaintiff, v. DUNKLE et, Defendants.**

Common Pleas Court, Madison County.

No. 20343. Decided August 24, 1956.

Richmond & Richmond, for plaintiff.
S. E. Robison, for defendants.

**OPINION**

By BAYNES, J.

This is a partition case. One of the defendants moves to dismiss the respective spouses of the four co-tenants. The reason stated is that spouses are neither necessary or proper parties in partition proceedings.

The memorandum with the motion recites the Supreme Court of Ohio has construed spouses to be neither necessary or proper parties in a partition, citing Weaver v. Gregg, 6 Oh St 547; Long v. Long, 99 Oh St 330 and Goodman v. Gerstner, 158 Oh St 353.

Plaintiff's memorandum first raises the question as to whether the objection should not have been raised by demurrer rather than by motion. The Court is of the opinion that, for the purposes of the case, a motion to dismiss parties or demurrer for defect of parties suffices and that the motion is procedurally correct.

Secondly, plaintiff points out that the Weaver and Long cases, cit., were decided prior to the time §10502-1 GC (now §2103.02 R. C.), was amended effective 2 September 1935 by adding an exception from bar of dower in property. ". . . aliened during the marriage by judicial or other involuntary sale." This language now appears in substance in the first sentence of paragraph (B) of the section.

Further, plaintiff says the Goodman case, cit., relating as it does to a divorce situation is neither applicable or controlling. That case, however (p. 358), italicises the words "barred of it," the use of which appears in all legislative enactments respecting dower.

So that the legal question relates as to whether or not the legislature by adding the words aliened by involuntary sale meant to abrogate the agreed prior judicial rule of construction with reference to partition as well as condemnation and perhaps other cases.

It is not possible to imply this from the referred to language of the Goodman case, cit. Neither party in the instant case has cited the following language in Snodgrass v. Bedell, 134 Oh St 311, 320 (1938), or otherwise referred to it.

"Since no rightful lien or incumbrance could be imposed upon the property by any co-tenant under the provisions of §10502-1 GC, the spouses of the co-parceners were not necessary parties to the action in partition."

Unfortunately the foregoing case report contains no syllabus. The primary question concerned the application of the troublesome half and half statute. But, the right to partition there accrued on 26 October 1936, so that even if the quoted matter is not law of the case, the Court's statement was made in view of the then amended dower statute as to which plaintiff's concern, here, is directed.

Plaintiff cites the case of Russell v. Russell, 137 Oh St 153 (1940), wherein it is held that a wife of a bankrupt co-tenant is a proper party in a partition case and the Court has jurisdiction to adjudicate her claim for an allowance in lieu of dower. But an examination of the case discloses that the wife's claim did not relate to a right which involved any other co-tenant. It relates solely to the claim of a wife of the bankrupt co-tenant against his trustee in bankruptcy.

While it may be true that the distinction, if any, which the Court makes in the Russell case, is that the principle applies in cases of involuntary sales generally with respect to dower and the rule of long standing as it applies in partition cases, which we find was unchanged by the amendment to the dower statute in 1935. The change simply made the statute conform to the prior judicial rule with respect to creditors of the spouse, when either an entire tenancy or co-tenancy was involved. It is consistent with protection which the law in this jurisdiction, at least, has intended to the spouse and family of distressed debtors.

At the risk of some pedantic or legalistic criticism, we observe that a partition where a sale results, rather than a division of the property by metes and bounds among the co-parceners, has the attributes of an equitable conversion. In addition, on plaintiff's theory it would be necessary to name the respective spouses of the next of kin of a decedent as parties in a sale by the personal representative. As a matter of fact the statute (§2127.12 R. C.), specifically exempts such spouses, as does the guardian sale section.

In our view the co-parcener is not making an alienation of his interest in land and legal concepts, there is no involuntary sale generally in a partition case, not involving creditors, even though the sale mechanics partake of an execution or order of sale proceedings.

Counsel for defendant is directed to prepare an Entry in accordance with this opinion, submit the same to plaintiff's counsel and the Court for approval, giving plaintiff leave to file an amended petition on or before 22 September 1956.